IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 3, 2015

**STATE OF TENNESSEE v. DAMIEN CLARK**

**Appeal from the Criminal Court for Shelby County**
**No. 05-04275    Carolyn W. Blackett, Judge**

---

**No. W2014-01729-CCA-R3-CD  - Filed April 20, 2015**

---

The Defendant, Damien Clark, was convicted of second degree murder in 2006 and received a twenty-year sentence at 100% service.  Seven years later, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting that the trial court correct an illegal sentence because his sentence was in violation of Tennessee Code Annotated section 40-35-120(g) (2014).  The trial court summarily denied relief for failure to state a colorable claim.  On appeal, he contends that the trial court erred in denying him relief.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Damien Clark, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; John H. Bledsoe, Senior Counsel; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2006, the Defendant was convicted of the 2005 killing of Demetrius Green, and the trial court sentenced him to twenty years' confinement at 100% service.  The Defendant appealed his conviction, and this court denied relief.  *See State v. Damien Clark*, No. W2007-00651-CCA-R3-CD, 2009 WL 890886 (Tenn. Crim. App. Apr. 1, 2009), *perm. app. denied* (Tenn. Aug. 17, 2009).  The Defendant also sought post-conviction relief on the ground that he received the ineffective assistance of counsel.  The post-conviction court denied relief, and this court affirmed the denial.  *See Damien Clark v. State*, No. W2011-02168-CCA-R3-

PC, 2013 WL 1282316 (Tenn. Crim. App. Mar. 28, 2013), *perm. app. denied* (Tenn. Sept. 10, 2013).

On July 16, 2014, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Criminal Procedure Rule 36.1. He alleged that his twenty-year sentence requiring 100% service was in violation of Tennessee Code Annotated section 40-35-120(g). He also alleged that the State's notices of impeachment pursuant to Tennessee Rule of Evidence 609 and of its intent to seek enhanced punishment failed to identify him as a repeat violent offender and that as a result, the pretrial notices failed to comply with Code section 40-35-120(i)(2). The trial court summarily denied relief, finding that the sentence was legal because the Defendant was sentenced pursuant to Code section 40-35-501(i)(1) (2010) (amended 2012, 2013, 2014) and that his second degree murder conviction required 100% service. The court found that the sentence was not imposed pursuant to Code section 40-35-120. This appeal followed.

The Defendant contends that the trial court erred by denying his motion for a corrected sentence. He argues the trial court's sentencing him as a repeat violent offender was in direct violation of Tennessee Code Annotated section 40-35-120(g). The State responds that trial court properly denied the motion. We agree with the State.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a). A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. *Id*. at 36.1(b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

Tennessee Code Annotated section 40-35-120 classifies a repeat violent offender as a defendant who has been convicted of at least three violent felonies as defined in subsections (b)(1) and (b)(2). A review of the Notice of Impeachment and the Notice of Intent to Seek Enhanced Punishment filed by the State before the trial shows that the Defendant did not qualify as a repeat violent offender pursuant to Code section 40-35-120. Nothing in the comment section of the judgment reflects that the Defendant was sentenced pursuant to this provision of law.

In any event, Tennessee Code Annotated section 40-35-501(i)(1) applies to a defendant convicted of second degree murder and states,

> There shall be no release eligibility for a person committing [second degree murder], on or after July 1, 1995 . . . . The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits . . . shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

The 100% service requirement of the Defendant's twenty-year sentence was mandated by Code section 40-35-501(i)(1), and the trial court was required to order 100% service of the sentence. The judgment's failure to note the service requirement was imposed pursuant to Code section 40-35-501(i)(1) is of no legal consequence. The trial court properly denied the motion for a corrected sentence pursuant to Rule 36.1, and the Defendant is not entitled to relief.

The judgment of the trial court is affirmed.

_____
ROBERT  H.  MONTGOMERY,  JR.,  JUDGE